**UNITED STATES v. KOHLER CO.**

**Civ. A. No. 8947.**

United States District Court
E. D. Pennsylvania.

June 28, 1949.

W. Wallace Kirkpatrick, Special Assistant to the Attorney General, John H. D. Wigger and Baddia J. Rashid, Special Attorneys, Washington, D. C., Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., Stanley E. Disney, Special Assistant to the Attorney General, for plaintiff.

Charles I. Thompson, Philadelphia, Pa., Lucius P. Chase, Kohler, Wis., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This is a civil action brought by the United States, based upon the anti-trust laws. The gist of the complaint is that the defendant, a manufacturer of vitreous china and enamel plumbing fixtures and sanitary brass fittings, has restrained commerce by requiring dealers and others purchasing fixtures from it to buy its fittings as well. The prayer is for injunctive relief only.

The defendant has filed interrogatories and supplemental interrogatories, 22 in all. The plaintiff has answered all but three, to which it has filed objections (5, 16 and part of 22). The objections are now before the Court together with a motion by the defendant, to compel answers.

It appears that before the suit was brought the government through agents of the Federal Bureau of Investigation made a nation-wide investigation of the manner in which the plaintiff conducted its business, interviewing a large number of customers and other persons with whom the defendant dealt and obtaining from them and from other witnesses statements, both

written and oral, together with originals and copies of invoices, records of sales and letters relating to the defendant's practices and business transactions. In substance, this is the information which is asked for in Interrogatory 5 and which the plaintiff objects to giving.

It is an important consideration that in the present case the government is not asserting a proprietary or financial claim, or resisting one as it was in O'Neill v. United States, D.C., 79 F.Supp. 827, and, therefore, the investigation was for a purpose entirely different from that in the O'Neill case. The United States brought the present suit in its sovereign capacity seeking to enforce the antitrust laws and the sanctions in these laws. The gist of the action is the alleged violation of a criminal statute.

The question of procedure raised by these objections has already been decided adversely to the plaintiff's contention by this Court, as has its objections based upon Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. See O'Neill v. United States, supra.

A fundamental issue is whether the information withheld is privileged matter within the meaning of Rule 26(b), Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

It is unnecessary to deal with the plaintiff's contention that the information withheld is privileged by virtue of the Department of Justice's Order No. 3229 of May 2, 1939, issued under the authority of R.S. § 161, 5 U.S.C.A. § 22. In my opinion its disclosure is forbidden by much broader considerations of public policy, which Wigmore (Sec. 2374) calls a genuine privilege. This policy cannot be better stated than it was in an opinion of Attorney General Jackson, 40 Op.Atty.Gen. p. 45, April 30, 1941, as follows: "Moreover, disclosure of the reports would be of serious prejudice to the future usefulness of the Federal Bureau of Investigation. As you probably know, much of this information is given in confidence and can only be obtained upon pledge not to disclose its sources. A disclosure of the sources would embarrass informants—sometimes in their employment, sometimes in their social relations, and in extreme cases might even endanger their lives. We regard the keeping of faith with confidential informants as an indispensable condition of future efficiency."

Wigmore's statement is that the privilege "must be recognized for the communications made by informers to official prosecutors, because such communications ought to receive encouragement, and because that confidence which will lead to such communications can be created only by holding out immunity from a compulsory disclosure of the informant's identity".

In Arnstein v. United States, 54 App. D.C. 199, 296 F. 946, 950, the Court holding that the trial court had properly refused to require an Assistant District Attorney to produce signed statements made to him by a defendant who testified on behalf of the government, said, "The principle laid down * * * was that it is the duty of every citizen to communicate to his government any information which he has of the commission of an offense against its laws, and that a court of justice will not compel or allow such information to be disclosed, either by the subordinate officer to whom it is given, by the informer himself, or by any other person, without the permission of the government, the evidence being excluded, not for the protection of the witness or of the party in the particular case, but upon general grounds of public policy, because of the confidential nature of such communications."

■ If the answers of the plaintiff to the interrogatories to which it has responded be read it would seem that the government has already furnished the defendant with all the information, obtained

---

[1] The interrogatories, of course, were filed under Rule 33 but that rule incorporates Rule 26(b) by providing "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)". The language of Rule 26(b) is

"Unless otherwise ordered by the court * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter", etc.

through its investigation, that it could without encroaching upon the field protected by the rule of policy above stated. It will be noted that Interrogatory 5 specifically asks for the names and addresses of the persons contacted as well as their statements and documents furnished by them. These persons it may be assumed are confidential informants and directly within the scope of the policy.

I, therefore, rule that Interrogatory 5 need not be answered.

While I think the information asked for comes within the meaning of privileged matter as that expression is used in Rule 26(b) I also believe that, even if that expression did not cover it the Court, upon the broad ground of public policy stated above whether or not strictly a privilege, should still refuse to order the disclosure asked for.

■ There is nothing mandatory about the discovery provisions of the Rules. On the contrary, the purpose and intent is evident throughout to leave their application to the discretion of the trial court—not, of course, an absolute discretion but one controlled and governed, not only by statutory enactments and the well established rules of the common law, but also by considerations of policy and of necessity, propriety and expediency in the particular case at hand.

■ What has been said applies generally to Interrogatories 16 and 22 as well as to 5. In addition, 16 asks for "copies of any and all invoices, correspondence, and other documents procured from Kohler purchasers or any other person * * *". Although the originals are not asked for, it should be noted that the rule adopted by this Court and first stated in De Bruce v. Pennsylvania R. Co., D.C., 6 F.R.D. 403, requiring copies of witnesses' statements to be produced in answer to interrogatories under Rule 33, has never been extended to copies of documents of this kind which are integral parts of the res gestae of various business transactions. It was pointed out in the De Bruce case that while the statement of a witness about the facts of the accident might answer to the

description of a "document", what was really asked for was a disclosure of facts and an identification of the source from which they have been obtained and that giving a copy of the statement is merely the most satisfactory way of disclosing the facts.

The ruling in this case does not conflict with that in O'Neill v. United States, supra, first, because the government is not asserting a proprietary or financial claim and, second, because the O'Neill case was decided chiefly on the basis that the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, abrogated the privilege asserted in that case.

The plaintiff's objections are sustained.

The defendant's motion to compel answers is denied.