See also, 92 F.Supp. 794.

---

**UNITED STATES v. LORAIN JOURNAL CO. et al.**

Civ. A. No. 26823.

United States District Court
N. D. Ohio, E. D.

Feb. 16, 1950.

Don Miller, U. S. Atty., Cleveland, Ohio, Victor H. Kramer, Washington, D. C., Robert B. Hummel, Cleveland, Ohio, for plaintiff.

Parker Fulton, Cleveland, Ohio, Elisha Hanson, amicus curiae, Washington, D. C., for defendants.

FREED, District Judge.

The instant action is a civil suit based on charged violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. The challenged interrogatories and

"motion for an order to produce" seek discovery of the names of the persons who complained to or were interviewed by the representatives of the Government; the memoranda of those interviews made by the representatives of the Government or any signed statements obtained by them; the names of the investigatory agents of the Government; and, finally, a demand to see every scrap of paper in any Government file having any relation whatsoever to the investigation made and the complaint filed.

The effort to obtain the names and statements of those who discussed the matter with, complained to, or were interviewed by the representatives of the Government must fail. A similar line of inquiry was refused in U. S. v. Kohler, D. C., 9 F.R.D. 289, on the grounds of public policy and in the exercise of judicial discretion. The principle involved was the protection from disclosure of the identity of informers to the Government of violations of statutes designed to prevent public wrong, even though the vindication of the statute is in form of a civil suit. See VIII Wigmore § 2374. In an extraordinary case, perhaps, this principle may have to yield to the requirements of pretrial discovery or compulsory disclosure at the time of trial, but this is hardly such a case. Indeed the Court is at a loss to see how the information sought by defendants can be of any real assistance in the further crystallization of issues or in preparation for trial. In the event that the identity of such informants or the substance of their communication is voluntarily disclosed by the Government at trial, an order of the Court at that time can prevent any harm to defendants that might arise from such sudden confrontation.

Similarly the Court fails to see how the names of those who investigated for the Government can be of any real assistance to the defendants. While the identity of investigatory agents of the Government does not need concealment for the reasons governing the refusal to allow discovery of the identity of informers, such disclosure may well impair their usefulness in the present and in other investigations. The enforcement of the law would be seriously impeded if agents were required to operate in a goldfish bowl and they should not be compelled to do so unless the interests of justice clearly command it.

Interrogatories Nos. 37 and 38 and the companion motion to produce are so all-inclusive that they encompass matters already determined to be outside the scope of discovery and matters for whose production no good cause is apparent, has been shown, or perhaps can be shown. It is not for the Court to redraft the demand to fit the permissible limits of inquiry.

All objections will be sustained.