UNITED STATES v. SUN OIL CO.

Civ. A. No. 10483.

United States District Court
E. D. Pennsylvania.

Aug. 9, 1950.

Assistant to the Attorney General, for plaintiff.

Henry A. Frye, John Blair Moffett, of Moffett & Stover, Harold Scott Baile, Richard Benson, James A. Montgomery, Jr., John D. M. Hamilton, George W. Pepper, of Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case arises upon (1) the government's objections to answering Interrogatories Nos. 4, 5 and 6 propounded by the defendant, and (2) the latter's motion to compel more complete answer to Interrogatory No 3. The interrogatories were served pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in a civil action brought by the United States for injunctive relief on the ground that defendant's conduct in carrying on its business is in violation of Section 1 of the Sherman Act, 15 U.S.C.A. § 1, and Section 3 of the Clayton Act, 15 U.S.C.A. § 14.[1]

In substance the complaint alleges that the defendant, a manufacturer of petroleum products and a distributor of automotive accessories, some of which it makes, has restrained interstate commerce by inducing, coercing and compelling independent service station operators to enter into, and operate under, contracts, agreements and understandings which require them to purchase petroleum products and automotive accessories exclusively from defendant, and to refrain from purchasing and reselling the products of defendant's competitors.

Gerald A. Gleeson, United States Attorney, George W. Jansen, Chief, Middle Atlantic Office, Antitrust Division, Philadelphia, Pa., James R. Browning, Special

## I

The reasons given for the government's objections are that Interrogatories Nos. 4, 5 and 6[2] seek information which is privi-

1. It should be noted that the action was brought by the United States in its governmental, as distinguished from its proprietary capacity, and that only injunctive relief is sought therein.

2. These interrogatories provided as follows:

    "4. State the name and present address and the location of the service station of each present or former independent service station operator from whom you have a complaint, statement, or affidavit, or with respect to whom you have a complaint, statement, or affidavit, or with respect to whom you have a report to the effect that he has been induced, coerced, or compelled by any of the means alleged in Paragraph 20 of the Complaint or in any other manner. If the complaint, statement, affidavit, or report is in writing, give the date and state who now has possession of the writing. If the complaint, statement, or report is oral, then state when it was

450

leged and that it would be contrary to public policy to compel its disclosure.

█ Similar information was sought in United States v. Kohler Co., D.C.E.D.Pa. 1949, 9 F.R.D. 289. In that case Chief Judge Kirkpatrick sustained objections to certain interrogatories on the grounds of privilege and broad considerations of public policy and the exercise of judicial discretion. With one exception, which will be referred to later, we think the objections raised in this case should be sustained on the basis of privilege within the meaning of Rule 26(b),[3] 8 Wigmore, Evidence, 3d Ed., 1940, Sec. 2374.

Defendant concedes, as it must, that the government should not be compelled to divulge the identity of an informer. It qualifies this concession, however, by asserting that such divulgence may be compelled before trial when sufficient cause has been shown. It also contends that if a service station operator or a competitor of defendant complained to the government concerning conduct of the defendant toward himself, or an informer made statements to the government with reference to defendant's conduct toward an operator or competitor, the government, in either situation, has no privilege to withhold the name and location of the operator or competitor. With this contention we do not agree. In the former situation, the operator and competitor are informers. The question as to whether their identity is to

be revealed should be given the same consideration as the problem whether the name of any other person who has communicated information to a law enforcement agency respecting violations of the laws should be disclosed. Although a factual distinction exists in the latter situation where the operator or competitor is not himself an informant, in our opinion, their identity in this case should not be disclosed; also the fact that the objectionable interrogatories, in asking the government to list names, do not require the government to make any distinction between operators and competitors who have submitted statements and those whose identity have been obtained from other sources, makes no difference. To rule otherwise would circumvent the rule of privilege.

Making the assumption, but without so deciding[4], that it is within our discretion under Rule 33 to compel the disclosure of the identity of an informer prior to trial, defendant has not given us a good reason why that discretion should be exercised in this case. It states that it will not, prior to trial, be able to determine who of the many independent service station operators are familiar with the facts asserted in the complaint. We agree that our ruling places the defendant on an unequal footing with defending parties in ordinary civil actions. Nevertheless, we think the policy which encourages citizens to inform the government about any facts of which he has knowledge

made; and whether said complaint, statement, or report was reduced to memorandum form and who now has possession of such memoranda.

"5. State the name and address of:

"(a) each refiner, distributor, or manufacturer of motor fuel, and if a corporation the agent acting on its behalf;

"(b) each refiner, distributor or marketer of motor oils and lubricants, and if a corporation the agent acting on its behalf; and

"(c) each distributor or manufacturer of automotive accessories, and if a corporation the agent acting on its behalf, from whom you have a complaint, statement, or affidavit, or with respect to whom you have a report to the effect that he has been denied access to or excluded from a substantial part of

the market for his product by defendant, as alleged in Paragraph 21(a) of the Complaint." (The remainder of this Interrogatory is identical with the last two sentences of Interrogatory No. 4.)

Interrogatory No. 6 seeks the same information as in No. 4 concerning operators who have "been denied by defendant the opportunity to purchase petroleum products or automotive accessories from refiners, manufacturers, distributors, or marketers of his own selection in accordance with his consumer demand, as alleged in Paragraph 21(b) of the Complaint."

3. The scope of discovery under Rule 33 is co-extensive with the permissible discovery under Rule 26.

4. Compare United States v. Kohler Co., D. C.E.D.Pa.1949, 9 F.R.D. 289, 291.

concerning the commission of an offense against the laws far outweighs any inconvenience to which defendant may be put either in cross-examining any witness which the government may call at the trial or in preparing a defense. If at the trial, defendant's disadvantage is more real than apparent, fairness may require a continuance of the case after the government's evidence has been presented in order to allow the defendant time to marshal whatever appropriate evidence it desires to offer. But that is a problem for the trial judge. See United States v. Lorain Journal et al., D.C. N.D.Ohio, 10 F.R.D. 487. Moreover, the enlightment which is sometimes obtained in a pretrial conference, which has not been held in this case, may go a long way to lessen the inconvenience of the defendant.[5]

■ Besides seeking the names of those service station operators and competitors from whom the government has obtained a complaint, statement, affidavit, or with respect to whom the government has a report, Interrogatories Nos. 4, 5 and 6 ask if the complaint, statement, affidavit or report is in writing, to state who now has possession of the writing, and if they are oral, to state whether they were reduced to memorandum form and who now has possession of such memoranda. The government asserts that defendant wants this information so that it may proceed under Rule 34. Claiming that defendant would not be entitled to a copy of the written complaints, statements, affidavits, reports or memoranda under that Rule, the government objects to giving the requested information now. Whether the government may be compelled to produce the written statements, and so forth, which apparently do exist,[6] we need not decide[7]. That question will be appropriately addressed to the court if and when defendant proceeds under Rule 34. At this juncture we think defendant is entitled to know by formal answer to Interrogatories Nos. 4, 5 and 6 the limited information mentioned in this paragraph.

II

■ The complaint states that defendant has entered into written contracts and agreements with independent service station operators; it further avers that the written contracts and agreements "are supplemented by various oral agreements and understandings". Interrogatory No. 3 requests the government to specifically identify the other party to such oral agreements or understandings and to fix the time and place they were made. In answering Interrogatory No. 1 the government set forth a long list of standard forms of contracts by form and revision number which the defendant has used since 1928. At the argument of this case the government admitted that as far as it knows there are no other formal contracts, written or oral. In substance its answer to Interrogatory No. 3 states that the supplemental agreements or understandings exist, and implies that at the trial the government will attempt to

5. In addition, the government, in open court, has offered to make available to defendant at such time in advance of trial as the court may direct a complete list of the witnesses which the government will call at the trial.

6. On page 4 of its brief, the government makes this revelation: "Before this suit was brought, the government, through agents of the Federal Bureau of Investigation made a nation-wide investigation of the manner in which Defendant conducted its business, in the course of which it interviewed a large number of customers, service station operators, and other persons with whom the Defendant dealt and obtained from them and from other witnesses statements, both written and oral, together with original and copies of invoices, leases, agreements, contracts, records of sales, letters, and other documents relating to the Defendant's practices and business transactions." And on page 8: "The cumulative, continuous business policy and course of conduct of Defendant Sun with respect to all of the operators specifically referred to in paragraphs 19 and 20 of the complaint are reflected, in a large part, in memoranda made by the plaintiff's investigators or are in statements given to the plaintiff by informants and complainants".

7. See United States v. Cotton Valley Operators Committee et al., 1950, 339 U. S. 940, 70 S.Ct. 793; United States v. Deere & Co. et al., D.C.Minn.1949, 9 F. R.D. 523.

452

prove their existence by evidence of the continuous business policy and course of conduct of the defendant for the past 22 years. This answer necessarily includes the names of all the independent service station operators with whom the defendant entered into written contract over that period. Under the circumstances we do not know what further answer the government can make. We must rule, therefore, that it has sufficiently answered Interrogatory No. 3.

Accordingly, with the exception stated in this opinion, the government's objections to Interrogatories Nos. 4, 5 and 6 are sustained; and the defendant's motion to compel a more complete answer to Interrogatory No. 3 is denied.