**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ALUMINUM COMPANY OF AMERICA**
**and Cupples Products Corporation,**
**Defendants.**

No. 61 C 147(2).

United States District Court
E. D. Missouri, E. D.

Oct. 31, 1963.

Robert F. Kennedy, Atty. Gen., Lee Loevinger, Asst. Atty. Gen., Charles L. Whittinghill, Edna Lingreen, Chief Counsel for plaintiff, Joe E. Waters, Francis A. Kareken, Attys., Dept. of Justice, Washington, D. C., Richard D. FitzGibbon, Jr., U. S. Atty., for plaintiff.

Thos. S. McPheeters, Jr., and Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., William K. Unverzagt, Pittsburgh, Pa., Herbert A. Bergson and Bergson & Borkland, Washington, D. C., for defendants.

MEREDITH, District Judge.

Defendants served a searching set of interrogatories upon plaintiff together with a parallel motion for production of documents in this civil antitrust case. In our pre-trial conference of September 20, 1963, plaintiff, over its objections, was ordered to answer all interrogatories with the exception of interrogatory 15 which seeks the complete identification of every document called for in the motion for production which plaintiff intends to withhold from defendants' inspection on the ground of privilege and work product. The matter is now pending on plaintiff's objections to interrogatory 15 and its related opposition to defendants' inspection of certain categories of documents embraced by defendants' all-encompassing motion for production of documents.

The objections to interrogatory 15 are intertwined with the opposition to defendants' motion for production since interrogatory 15 is designed to permit defendants to challenge the claim of privilege as to any particular document to the end that the Court may inspect and determine the character of each specific document withheld. Plaintiff asserts that certain categories of documents are so plainly privileged or a part of plaintiff's work product as not to require listing in answer to interrogatory 15. While it is clear that the determination of a challenged claim of privilege is a question for the Court, our previous experience with reference to defendants' claim of privilege and work product in withholding documents called for by plaintiff has demonstrated the desirability of ruling broad categories of documents where possible without further description by the withholding party followed by further delay in the Court's perusal of the contents of each individual document.

In compliance with our request at the pre-trial conference of September 20, 1963, the parties have submitted a statement of the categories of documents which plaintiff is opposed to producing along with exception from these categories of types of documents not sought by defendants.

The first of these categories is "all internal memoranda written by or for attorneys in the Department of Justice in connection with investigating or preparing this case for trial, including internal memoranda to or from members of the trial staff, memoranda of interviews and memoranda addressed to the Federal Bureau of Investigation". In

our opinion this category is clearly a part of the work product of plaintiff's attorneys whether or not the memoranda records information obtained from third parties. We are not aware of any special circumstance here that necessitates a general inspection by defendants of the government attorneys' memoranda relating to their investigation and preparation of the case for trial. Plaintiff will not be required to further describe or produce the memoranda described in this category.

■ Secondly, plaintiff opposes producing interview reports of the Federal Bureau of Investigation made pursuant to the request of the government attorneys. We believe the routine showing of potential relevance made by defendants is insufficient to warrant wholesale discovery of FBI reports in view of the relationship between the FBI and the attorneys in the Department of Justice responsible for preparing this case. In reaching this decision we have considered significant the information that will be or has been supplied to defendants in response to their interrogatories and the government's agreement that its offer of any statistical summaries based upon data gathered by the FBI will be accompanied by FBI work sheets and summary schedules and signed statements of fabricators obtained by the FBI. The plaintiff will not be required to list such FBI interview reports in responding to interrogatory 15 or produce them for defendants' inspection.

■■ A major dispute of the parties concerns the third category of documents which the government seeks to withhold on the ground of work product. This category consists of a questionnaire, responses thereto and correspondence comprising a survey of fabricators which the plaintiff's attorneys made early in the litigation. The government's letter accompanying the questionnaire informed the addresses that the information supplied was for the exclusive use of the Antitrust Division and "would not be disclosed except as may be required in connection with legal proceedings and not without prior notice to you". The government does not intend to use this particular survey in question in the trial of the case. The production of similar surveys, though apparently not abandoned by the government for use at trial, was not required on various grounds including public policy privilege underlying the relationship of the government and its sources of information, work product, and insufficient showing of good cause, in the following cases: United States v. Deere & Co., D.C., 9 F.R.D. 523; United States v. Kohler Co., D.C., 9 F.R.D. 289; United States v. Lorain Journal Co., D.C., 10 F.R.D. 487; United States v. Kelsey-Hayes Wheel Co., D.C., 15 F.R.D. 461; United States v. Grinnell Corporation, D.C., 30 F.R.D. 358; United States v. Becton, Dickinson & Company, D.C., 30 F.R.D. 132. In contrast, United States v. Swift & Company, D.C., 24 F.R.D. 280, overruled plaintiff's objections to producing copies of all writings from any person, firm, or corporation which the government had received in answers to questionnaires or inquiries. While we agree with the latter case's characterization of the responses to the questionnaires as reporting on operation of their businesses as distinguished from informing on violations of law, still we are of the view that inasmuch as defendants will obtain or have received through interrogatories information regarding the government's sources of information and the facts, events and occurrences on which the government will rely does not at this time necessitate the production of the responses to the abandoned survey in order for defendants to prepare their defense. While the work product of the plaintiff's attorney is not inviolate, the necessity for the invasion of plaintiff's preparation of the case has not been shown. Accordingly, the survey in question need not be listed in response to interrogatory

15 nor produced in response to defendants' motion.

 The fourth category of documents which the government seeks to withhold are those obtained in connection with other investigations or cases which may be pertinent to the present litigation. Defendants state that they do not seek documents from other cases or investigations which were obtained pursuant to grand jury subpoena or the Civil Process Act and which have not been examined by plaintiff's attorney in connection with investigating or preparing the instant case for trial. As thus limited by defendants, we are unable to rule this category without further listing by plaintiff of the documents in question. Hence, plaintiff will be required to list these documents in response to interrogatory 15.

 The fifth category of documents is "newspaper or other articles clipped or excerpted from published sources by plaintiff's attorneys". Since defendants state that they do not seek production of newspaper clippings made by plaintiff's attorneys, presumably there remains outstanding the question of production of other published articles contained in plaintiff's files. Frankly, it is difficult for this Court to understand the "privileged" nature of published articles that may contain relevant information regarding the products or lines of commerce involved in this proceeding. We would not require a search of every government file as envisioned by the affidavit of William E. Beach, the supervisor in charge of the General Files Unit of the Department of Justice. However, we are of the opinion that plaintiff properly should produce any published studies or analysis of market conditions utilized in the preparation of its case. Therefore, production of such published articles will be required.

 Plaintiff's objection to interrogatory 15 is sustained insofar as it requests a listing of documents of the character of the first three categories of documents above discussed and is overruled insofar as a listing of documents obtained other than by subpoena or Civil Process Act in cases or investigations which have been examined by plaintiff's attorneys in connection with preparing this case for trial. Plaintiff has not objected to listing in response to interrogatory 15 documents which are communications of confidential informants and documents containing unpublished confidential business data of competitors or customers of defendants. In answering interrogatory 15, these documents should be listed.

As limited by this memorandum, defendants' motion for production of documents will be sustained.