**UNITED STATES of America, Plaintiff,**

v.

**AMERICAN OPTICAL COMPANY, an association, American Optical Company, a corporation, and Bausch & Lomb, Incorporated, Defendants.**

**Civ. A. No. 62–C–206.**

United States District Court
E. D. Wisconsin.

March 16, 1965.

See also, 37 F.R.D. 239.

Willis L. Hotchkiss and John E. Sarbaugh, Chief, Antitrust Division, Chicago, Ill., Theodore T. Peck, and Harold E. Baily, Chicago, Ill., for plaintiff.

John E. F. Wood, of Dewey, Ballentine, Bushby, Palmer & Wood, New York City, Steven E. Keane, of Foley, Sammond & Lardner, Milwaukee, Wis., J. Belden Sly, Southbridge, Mass., Whitney North Seymour, of Simpson, Thacher & Bartlett, New York City, Victor M. Harding, of Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., Julian W. Atwater, Rochester, N. Y., for defendants.

.GIGNOUX, District Judge (serving by designation).

Pursuant to the provisions of the Court's order of December 21, 1964 upon defendants' motion for the production of documents under Fed.R.Civ.P. 34, and more particularly in response to that portion of the order entitled "Work Product and Other Privileged Documents," plaintiff has asserted a work product or informers' privilege as to the following eleven categories of documents, as more particularly described in plaintiff's "Compliance and Privilege Notice" dated January 20, 1965:

A. *Documents as to which a claim of work product privilege is asserted.*

1. Memoranda prepared by government attorneys for the purpose of advising their superiors of the theory of the case, together with responses made by such superiors.

2. Memoranda prepared by government attorneys reporting on conferences with defense counsel.

3. Memoranda prepared by government attorneys reporting on oral interviews with persons in the ophthalmic industry *.

4. Memoranda prepared by Antitrust Division attorneys reporting on oral interviews with persons in the ophthalmic industry *.

5. Memoranda prepared by government attorneys requesting special agents of the Federal Bureau of Investigation to interview persons in the ophthalmic industry, such memoranda *identifying the persons to be interviewed, setting forth the theory of the case, and*

specifying in detail the inquiry to be made.

6. Memoranda prepared by special agents of the Federal Bureau of Investigation reporting on oral interviews with persons interviewed by them pursuant to the requests described in paragraph 5*.

7. Signed statements obtained by special agents of the Federal Bureau of Investigation from persons interviewed by them pursuant to the requests described in paragraph 5*.

8. Letters prepared by government attorneys, addressed to persons in the ophthalmic industry, requesting information concerning the industry.

9. Written communications from persons in the ophthalmic industry responding to the letters described in paragraph 8*.

10. Memoranda prepared by government attorneys reporting on oral communications from persons in the ophthalmic industry responding to the letters described in in paragraph 8*.

B. *Documents as to which a claim of informers' privilege is asserted*

11. Communications to the Department of Justice from persons other than those identified heretofore in this case as witnesses for the government, informing of alleged violations of law in the ophthalmic industry.

Under date of February 12, 1965, defendants filed a memorandum objecting

---

* Other than pre-existing documents or records, including statistical compilations based on pre-existing documents and records, which have been produced and turned over by such persons to the government attorneys. Such pre-existing documents or records are being made available to defendants. Plaintiff has assured the Court that it is withholding only those documents or records obtained from such persons which were prepared by them for the purpose of communicating with the government attorneys or F.B.I. agents. See Colton v. United States, 306 F.2d 633, 639 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963).

to the plaintiff's claims of work product and informers' privilege with respect to the above categories of documents. Under date of March 1, 1965, plaintiff filed a memorandum in support of such claims, and on March 9, 1965, at Pre-Trial Conference No. 6, the parties presented oral argument in support of their respective positions as to such claims. Having considered the written and oral arguments thus presented, the Court will rule at this time upon defendants' objections and indicate briefly the reasons for its rulings.

*Sufficiency of Identification of Documents as to which Plaintiff Asserts Work Product Privilege*

■■ Defendants have objected generally that plaintiff has failed to furnish a sufficient identification and description of those documents as to which it asserts work product privilege. Defendants contend that plaintiff should identify each specific document, and that as a minimum the identification of each document should include "its author or other source, its date, its length, and at least a general characterization of the nature of its contents." The Court cannot agree. As plaintiff correctly points out, the courts have held that the identification of documents by categories is a sufficient compliance with the requirement of Fed.R.Civ.P. 34 that documents be "designated". United States v. United Shoe Machinery Corp., 76 F.Supp. 315 (D.C.Mass.1948) ; United States v. United States Alkali Export Ass'n, 7 F.R.D. 256 (S.D.N.Y.1946). The same specificity of designation should be adequate to permit this Court to determine a claim of work product privilege. This Court's order of December 21, 1964 required only that plaintiff furnish an identification and description of any documents as to which a claim of privilege might be asserted "in sufficient detail to enable the Court to determine the validity of any such claim." The categories of documents as to which plaintiff here claims privilege seem to the Court to have been defined with sufficient clarity to enable

the Court to rule on the asserted claims of privilege. The Court's order of December 21, 1964 required no more. A requirement that plaintiff point with precision to each specific document would serve no purpose other than delay.

*Defendants' Objections to Plaintiff's Claim of Work Product Privilege with Respect to the Documents Specified in Plaintiff's Categories A 1, 2, 3, 4, 5, 8 and 10*

■ In these categories plaintiff claims work product privilege with respect to memoranda and letters prepared by government attorneys assigned to this case in the course of their legal duties in preparing the case for trial. Such documents fall squarely within the work product rule as defined in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), in which the Supreme Court made it clear that the policy against the invasion of "the files and the mental impressions of an attorney" (329 U.S. at 510, 67 S.Ct. at 393) precludes the discovery of these matters by opposing counsel. While in the Hickman case the Supreme Court indicated that there may be a "rare situation justifying production of these matters" (329 U.S. at 513, 67 S.Ct. at 395), defendants do not suggest that this is a case of that type. This action presents no special circumstances which would justify a general inspection by defendants of the government attorneys' files. Accordingly, defendants' objections to plaintiff's claim of work product privilege with respect to the documents specified in plaintiff's categories A 1, 2, 3, 4, 5, 8 and 10 are OVERRULED.

*Defendants' Objection to Plaintiff's Claim of Work Product Privilege With Respect to the Documents Specified in Plaintiff's Category A 9*

■ In this category plaintiff claims work product privilege with respect to written communications received from persons in the ophthalmic industry in response to letters from government at-

torneys assigned to this case requesting information concerning the ophthalmic industry. Such communications also fall squarely within the work product rule of Hickman v. Taylor, supra, in which the Supreme Court explicitly denied discovery of "written materials obtained * * * by an adversary's counsel with an eye toward litigation * * *" 329 U.S. at 511, 67 S.Ct. at 394. Although in the Hickman case the Supreme Court recognized that there may be special circumstances in which a showing of necessity can be made which will justify the production of such written materials, defendants have made no such showing in this case. Defendants' objection to plaintiff's claim of work product privilege with respect to the documents specified in plaintiff's category A 9 is OVERRULED.

*Defendants' Objections to Plaintiff's Claim of Work Product Privilege With Respect to the Documents Specified in Plaintiff's Categories A 6 and A 7*

In these categories plaintiff claims work product privilege with respect to memoranda prepared by F.B.I. agents reporting on oral interviews with persons in the ophthalmic industry interviewed by them pursuant to requests of government attorneys assigned to the case, and also with respect to signed statements obtained by the agents from such persons. Defendants object to the asserted privilege on the ground that documents relating to investigative work performed by F.B.I. agents, and not by the government attorneys themselves, are not a part of the work product of the government attorneys within the rule of Hickman v. Taylor, supra.

While some cases have denied a claim of work product privilege with respect to statements obtained by lay investigators employed by government departments in connection with pending litigation, e. g., Durkin v. Pet Milk Co., 14 F.R.D. 385, 391–394 (W.D.Ark.1953), the courts have uniformly held that statements obtained from witnesses by F.B.I.

agents acting under the instructions of Department of Justice attorneys who are actively engaged in the preparation for trial of cases such as the present one constitute privileged work product. United States v. Aluminum Company of America, 34 F.R.D. 241, 243 (E.D.Mo.1963); United States v. Kelsey-Hayes Wheel Co., 15 F.R.D. 461 (E.D.Mich.1954); cf. Alltmont v. United States, 177 F.2d 971, 976 (3d Cir. 1949), cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1954); see Developments in the Law—Discovery, 74 Harv.L.Rev. 940, 1031. These cases have refused to draw a distinction between statements secured by F.B.I. agents working at the request of government attorneys and under their express directions, and statements obtained by the government attorneys themselves. In treating statements obtained by F.B.I. agents under such circumstances as entitled to the same work product privilege as statements obtained by the attorneys themselves, these authorities have recognized the peculiar relationship between the F.B.I. and the attorneys in the Department of Justice responsible for preparing for trial a case of this type. As the court said in United States v. Kelsey-Hayes Wheel Co., supra, 15 F.R.D. at 462–463:

"The functions which were here performed by the Federal Bureau of Investigation in gathering these materials were no different than those that might be performed by the associate members of any large law firm. Just because departmentalization in the preparation of a lawsuit is required in the administrative operations of the Government, is no reason for denying to the Government's attorneys their professional prerogatives. See Alltmont v. United States, 3 Cir., 177 F.2d 971, 976. These Federal Bureau of Investigation materials are to be distinguished from the routine reports of both claim agents and inspectors, civilian or Government, which are

made in the regular course of business operations and do not involve the inherent privilege of professional privacy with which we are here concerned."

These Federal Bureau of Investigation materials are also to be distinguished from materials prepared or obtained by F.B.I. agents in the discharge of their duties as law enforcement officers when they are not under the direction or control of government attorneys engaged in the preparation of litigation.

■ The memoranda and statements which defendants here seek were prepared or obtained by the F.B.I. agents pursuant to requests of the Department of Justice attorneys actively engaged in the preparation of this case for trial. Such requests not only identified each person to be interviewed, but specified in detail the inquiries to be made "so that the interview would, insofar as possible, cover the same matters which would be inquired into were the interview to be conducted by a member of the government's staff of lawyers assigned to this case." Under these circumstances the F.B.I. agents were no more than the instrumentalities by which the government attorneys acted in their professional capacities. In accord with the authorities which have been cited, this Court holds that the memoranda and statements prepared or obtained by the F.B.I. agents in this case are as much the work product of the government attorneys as the memoranda and statements prepared or obtained by the attorneys themselves. Accordingly, defendants' objections to plaintiff's claim of work product privilege with respect to the documents specified in plaintiff's categories A 6 and 7 are overruled.

*Documents as to which Informers' Privilege is Asserted*

In its memorandum in support of its claims of privilege plaintiff states that it has not asserted an informers' privilege in reference to any document prepared by any person identified as a prospective witness in its "Notice of Government's Response to the Court's Pre-Trial Order of June 26, 1963" dated November 1, 1963, even though their names have been subsequently withdrawn. Plaintiff further states that an informers' privilege has been asserted only as to persons who have not at any time been listed as witnesses by it. Defendants having interposed no objection to the plaintiff's claim of an informers' privilege with respect to such persons, plaintiff's claim of privilege as to such persons is sustained.

*Documents Relating to Witnesses Who Have Refused to be Interviewed*

Defendants' memorandum objecting to plaintiff's claims of work product privilege lists the names of eleven persons named by plaintiff as prospective witnesses who have refused to be interviewed by counsel for one or both of the defendants. It is only as to such witnesses that defendants have made any attempt to make any showing of necessity justifying the production of otherwise privileged work product under the rule of Hickman v. Taylor, supra. As to these eleven witnesses, defendants contend that they have established adequate reason for the production of "all matter in writing" relating to such witnesses, regardless of whether it might otherwise be work product.

■■ It may be conceded that there are circumstances in which the refusal of a witness to be interviewed by counsel may justify disclosure of statements previously given by that witness to an opposing party. E. g., Sachse v. W. T. Grant Co., 27 F.R.D. 392 (D.Conn.1961); see 4 Moore, Federal Practice, para. 26.23 [8.–2], at 1413–19 (2d ed. 1963). However, in light of the extensive disclosures which have been made by plaintiff in this case, which include a detailed summary of the testimony to be given by each of the eleven witnesses here involved, and in view of the absence of any showing that these witnesses are not

available for deposition [**], it is clear that the mere refusal of these witnesses to be interviewed by defendants' counsel does not constitute a sufficient showing of necessity to justify disclosure of otherwise privileged work product. Wirtz v. B. A. C. Steel Prods., Inc., 312 F.2d 14 (4th Cir. 1963); see Developments in the Law—Discovery, supra at 1033–34.

See also, 37 F.R.D. 233.

### ORDER

For the foregoing reasons, defendants' objections to plaintiff's claims of work product and informers' privilege are overruled, and plaintiff's claims of work product and informers' privilege with respect to the eleven categories of documents identified in its "Compliance and Privilege Notice" dated January 20, 1965 are sustained.

[**] Indeed, defendants have indicated their intention to depose five of these eleven witnesses.