**Jimmy Otis WOOTEN**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 12133.**

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 20, 1969.

Jones & Read, Charles D. Read, Jr., Atlanta, Ga., for plaintiff.

Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is an action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., arising out of an injury plaintiff, a federal prisoner, allegedly received in an elevator accident at the United States Penitentiary in Atlanta. The complaint states that at the time of the accident plaintiff was not engaged in any work in a prison industry or otherwise.

Defendant has moved for summary judgment on the ground that any injuries received by plaintiff are compensable under 18 U.S.C. § 4126 rather than under the Federal Tort Claims Act and that the former statute provides an exclusive remedy. To support this contention defendant has submitted (1) an affidavit by Ernest J. Moore, Safety Administrator at the penitentiary, who states that since the accident occurred while plaintiff was a passenger on an elevator in the Work Area it is considered to have occurred in a work activity within the meaning of 18 U.S.C. § 4126; and (2) an affidavit by B. C. Pippen, who states that on the day of the accident plaintiff worked under his supervision as an employee of the Federal Prison Industries and that "the accident occurred on the elevator during the interval in which inmates were authorized to leave their work stations for lunch."

■ It is undisputed that if plaintiff was injured "in any industry or in any work activity in connection with the maintenance or operation of the institution where confined" his exclusive remedy is under 18 U.S.C. § 4126. United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). However, the pleadings raise a material issue of fact as to whether plaintiff's injury was incurred in a prison work activity and this issue is not resolved by an affidavit from the Safety Administrator stating that the accident occurred in a work activity. The affidavit merely expresses Mr. Moore's personal opinion as to an ultimate fact. Defendant's motion for summary judgment must be denied.

■ Also before the court is plaintiff's motion for production of documents, viz., medical reports and records, and all investigative reports, memoranda, written statements, etc., concerning the accident. Defendant does not object to the request for the medical reports but does object to the request for investigative reports to the extent that it includes FBI reports. Defendant contends that FBI reports are protected from discovery by the work product privilege, citing in support thereof United States v. American Optical Co., 37 F.R.D. 233 (E.D.Wis.1965). To the extent that it refers to FBI reports made prior to the filing of this suit, the court rejects defendant's contention as an overly broad reading of the *American Optical* decision [1] and as an unwarranted extension of the work product rule set forth in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946). The court notes that Mr. Wooten's accident occurred almost three years ago and that he did not obtain counsel until more than a year after the accident. Plaintiff was, and is, in custody and had little or no opportunity to conduct his own investigation. FBI reports of the acci-

[1]. The Wisconsin court held that FBI reports prepared under the direction of defendant's attorneys during the course of the lawsuit were privileged, but specifically pointed out that the privilege did not include "materials prepared or obtained by FBI agents in the discharge of their duties as law enforcement officers when they are not under the direction or control of government attorneys engaged in the preparation of litigation." United States v. American Optical Co., 37 F.R.D. 233, 238 (E.D.Wis.1965).

dent are highly relevant to this case and the court can envision no set of circumstances in which good cause would be more clearly demonstrated. All investigative reports therefore must be produced, except those which have been prepared by the FBI during the course of this lawsuit under the direction of defendant's attorneys.

Accordingly, defendant's motion for summary judgment is denied and plaintiff's motion for production of documents is granted, excluding only those FBI reports which have been prepared under the direction of defendant's attorneys during the course of this lawsuit.