Alicia **MORALES** et al.

v.

James **TURMAN** et al.

**Civ. A. No. 1948.**

United States District Court,
E. D. Texas,
Sherman Division.

Dec. 14, 1972.

Steven Bercu, Austin Legal Services, Austin, Texas, Peter Sandmann, Youth Law Center, San Francisco, Cal., for plaintiffs.

Crawford Martin, Atty. Gen. of Texas, Max Flusche, Asst. Atty. Gen., Austin, Tex., for defendants.

Roby Hadden, U. S. Atty., E. D. of Texas, Tyler, Tex., Mike Thrasher, Associate Dir. Office of Institutions and Facilities, Civil Rights Div., Washington, D. C., Patricia M. Wald and Paul Friedman, Natl. Council, Rights of Mentally Impaired, Washington, D. C., amici curiae.

### ORDER

JUSTICE, District Judge.

In this right-to-treatment phase of a juvenile rights case, plaintiffs have filed a motion for leave to permit designated experts to conduct a participant observation study at certain institutions under the supervision of the Texas Youth Council.

Rule 34 of the Federal Rules of Civil Procedure provides, *inter alia,* that

Any party may serve on any other party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property *or any designated object or operation thereon,* within the scope of Rule 26(b). [Emphasis added.]

This rule is designed to permit "the broadest sweep of access." Wright & Miller, Federal Practice and Procedure § 2206, at 607 (1970). As the portion of the rule quoted above indicates, the scope of discovery is defined in Rule 26(b). Thus discovery is not limited to matters that would be admissible at trial. Generally, matters are discoverable if relevant to the subject matter involved unless privileged or prepared in anticipation of litigation, or unless they reveal facts known and opinions held by experts, or unless such discovery would cause undue annoyance, embarrassment, oppression, or expense. Although counsel for both sides are unaware of any precedent for this request, entry upon land for a variety of discovery purposes under Rule 34 is not unusual. See the collection of cases in Wright & Miller, *supra* at 610–12.

■ The participant observation study proposed by plaintiffs consists of the placement of four experts within two facilities of the Texas Youth Council for the purpose of determining the quality of life under these particular conditions of confinement. These experts, trained in the fields of sociology and psychology, plan to live in the dormitories with the inmates, attend academic or vocational classes, eat meals with the inmates, and generally live under conditions for a period of time that closely parallel those under which the inmates live. On the basis of the testimony of Dr. D. L. Creson and the extensive exhibits attached to this discovery motion, the court concludes that plaintiffs have demonstrated

sufficient interdisciplinary support to justify a participant observation study and that such a study is within the scope of discovery contemplated by Rule 34.

■ Aside from defendants' objection that since the plaintiffs already have some evidence they therefore do not require this more sophisticated methodology, which the court finds to be without merit, defendants make the three further objections that this study may be dangerous to the participants, that it will cause undue disruption, and that it will present an undue financial burden on the state. Testimony from the state's witnesses, however, refute the first two objections. First, the Superintendent of Mountain View State School for Boys testified that he would have no fear for the safety of participants in a study of his facility as long as the participants treated the staff and students "with respect." On the basis of an examination of the professional qualifications of the few participants involved, the court concludes that the participants are capable of responding with the proper respect for any safety precautions recommended by the staff. Secondly, one of the state's witnesses familiar with the institution's cooperation with various graduate student studies testified that approximately twenty to twenty-five of these interview studies were currently in progress inside the institution and made no reference to any undue disruption. Moreover, the testimony of Dr. Creson that the participant observation study would be less disruptive than the interview technique, which requires the participant to continually enter and leave the institution, was never controverted. Thus the court concludes that the disruption that will necessarily occur will not be any greater than, and will probably be less than, the necessary incidental disruption that occurs when any person from the "outside" —such as the twenty to twenty-five graduate students—enter an institution. Finally, the minimal cost for meals, linen, and any office facilities outside the state

premises can easily be absorbed by the plaintiffs resulting in no cost to the state.

■ This request for discovery is perhaps extraordinary; yet this is an extraordinary case. Plaintiffs, all minor children, have alleged that the conditions of their confinement constitute violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. When important civil rights are in issue in complex litigation of widespread concern, a court must make every effort to enhance the fact-finding process available to counsel for both sides. The trial court's discretion must be guided by "considerations of policy and of necessity, propriety and expediency in the particular case at hand." United States v. Kohler, 9 F.R.D. 289, 291 (D.Pa.1949). Accordingly, it is

Ordered that George Pullian and Robert Baxter (hereinafter participants) be permitted to enter upon the premises of the Gatesville State School for Boys and that Gerda Smith and Patricia Blakeney (hereinafter participants) be permitted to enter upon the premises of the Gainesville State School for Girls for the purpose of conducting a participant observation study, subject to the following conditions:

(1) That the superintendents of the two facilities concerned must be provided written notice of the date and time for initiation of the study at least five days prior to the first day of the study; that this notice must contain the names of the participants in the study; and that this notice must specify which of the sub-schools within the Gatesville State School for Boys will be visited;

(2) That in the event that one or more of the participants in the study is unavailable, this court and counsel for defendants must be so informed, in writing, of the qualifications of the participant designated as a substitute;

(3) That the study shall be conducted for a consecutive period of time not to exceed thirty days, and that the study must be conducted and completed within sixty days from the date of this order;

(4) That Dr. D. L. Creson, director of the study, two additional professionals designated by him, and attorneys for plaintiffs shall be permitted to visit the two facilities during the period of the study during the day between 9:00 A. M. and 8:00 P. M., for the purpose of consulting with the participants in the study;

(5) That the participants shall be free to leave the institutions at any time;

(6) That the participants at Gatesville State School for Boys shall be permitted to wear institutional clothing, if they so desire;

(7) That the participants shall be permitted to carry notebooks and felt-tip pens with them at all times;

(8) That the participants in the study shall be permitted, subject to provision 10, to move freely through the institutions, to live in the dormitories in which inmates are incarcerated, to transfer from one dormitory to another as they may choose, to attend academic and vocational classes of their choice, to speak with inmates and staff as they may deem necessary or desirable, to enter and observe the operations of special treatment centers and other locations where inmates are incarcerated in isolation, to enter and observe the operations of medical infirmaries, reception, and orientation centers, group and/or individual counselling sessions, and any and all other programs and places which are a part of the two facilities involved;

(9) That the participants in the study, the director of the study, and plaintiffs' attorneys, must not disclose outside any proceeding before this court in the above-entitled and numbered civil action the observable data or conclusions based thereon gained from the study pending further order of this court;

(10) That throughout the course of the participant observation study, the participants in the study must conduct

themselves in such a manner as to disrupt as little as possible the programs of the two facilities, must at no time make any statements to any inmates calculated to disturb such programs, and must comply with all reasonable safety precautions recommended by defendants;

(11) That defendants must make every effort, consistent with the goals of the participant study, to assure the physical safety of the participants at all times; and

(12) That all costs arising from the study—for example, for meals, linen, or any office facilities outside the state premises—must be borne by the plaintiffs.