Susan J. McDaniel, Kenneth A. Shanklin, Wilmington, NC, for plaintiffs.

I. Clark Wright, Jr., Ward & Smith, New Bern, NC, Donalt J. Eglinton, Ward & Smith, Wilmington, NC, for defendant.

**M. Page TEER and Jere Freeman, III, Plaintiffs,**

v.

**LAW ENGINEERING AND ENVIRONMENTAL SERVICES, INC., Defendant.**

No. 7:96–CV–140–BR(2).

United States District Court,
E.D. North Carolina,
Southern Division.

April 22, 1997.

### ORDER

DENSON, United States Magistrate Judge.

THIS CAUSE is now before the court on the Defendant's First Motion to Compel, filed January 16, 1997. Memoranda in support of and in opposition to the motion have been filed and it is ripe for ruling.

The complaint alleges that Plaintiffs purchased shares in Becker Builders Supply

Company in reliance on Defendant's environmental site assessment of the company's real property located in Castle Hayne, N.C. and that subsequent to the purchase chemical pollutants were discovered on the land that were not disclosed in Defendant's report. Plaintiffs have been directed by the North Carolina Department of Environment, Health and Natural Resources to assess the cause and extent of the contamination, eliminate its source, and implement an approved plan to neutralize or remove it.

This motion is made pursuant to Rules 34(a)(2) Fed.R.Civ.P. for an order compelling Plaintiffs to give the Defendant advance notice of any testing, assessment, or corrective actions on the subject property and to permit Defendant to attend, observe, and record what is done. Plaintiffs contend that the Defendant seeks to do more than the rule permits. The court agrees.

Rule 34(a)(2) states:

Any party may serve on any other party a request ... to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

The plain language of this rule would permit Defendant to gain access to the property to take soil and water samples or do other things necessary to evaluate the extent of the pollution. It does *not*, however, authorize Defendant's experts to observe Plaintiffs' experts as they do their work to assess the contamination or take steps to correct it. Neither of the cases cited by Defendant is authority for its position. Defendant cites *Morales v. Turman*, 59 F.R.D. 157, 158 (E.D.Tex.1972) for the proposition that entry on land for a variety of discovery purposes under Rule 34 is not unusual. *Morales* is a District Court ruling allowing a party's experts to go inside a youth facility for a period of time to make observations relating to living conditions there. It did not allow a party to observe another's tests. In fact, that court noted that relevant matters are generally discoverable "... unless privileged or prepared in anticipation of litigation or un-less they reveal facts known and opinions held by experts." *Id.* Defendant cites *Belcher v. Bassett Furniture Industries, Inc.,* 588 F.2d 904 (4th Cir.1978) for its conclusion that decisions as to whether to permit entry on land involve a balancing of the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection. But *Belcher* held that the District Court abused its discretion in allowing the entry under the facts of that case. Again, it is no authority for permitting a party to observe the actions taken by another party's agents or experts to test and correct the situation that gave rise to the action.

In short, Defendant seeks, under authority of Rule 34, to observe Plaintiffs' experts as they conduct tests and take steps to reduce or eliminate the alleged chemical contamination on the subject property. The things they seek to observe may well be protected from discovery by the attorney work product rule; however, it is not necessary for the court to decide this. It is quite sufficient to note that Defendants have not cited one case from any court that ever has permitted such a thing.

Accordingly, the Motion to Compel IS DENIED because it exceeds any reasonable reading of Rule 34.