**UNITED STATES of America**

**v.**

**BOB LAWRENCE REALTY, INC.,** Bobby L. Lawrence, president, D. L. Stokes and Company, Inc., Peter M. Lynch, president, Mrs. Frances Heimerich, d/b/a Earl Jackson Realty Company, Reeves and Reeves, Inc., Fred J. Reeves, president, and Mrs. Ruth Stanley, d/b/a Stanley Realty Company.

Civ. A. No. 13468.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 19, 1970.

John N. Mitchell, Atty. Gen., Jerris Leonard, Asst. Atty. Gen., Frank E. Schwelb, and Michael J. Hoare, Attys., U. S. Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff.

Charles L. Weltner, Atlanta, Ga., for Mrs. Ruth Stanley.

Jones, Bird & Howell, Atlanta, Ga., for D. L. Stokes and Co., Inc.

Glenville Haldi, Atlanta, Ga., for Bob Lawrence Realty, Inc., Bobby L. Lawrence, president.

Wesley R. Asinof and C. W. Eberhardt, Atlanta, Ga., for Reeves & Reeves.

Noah J. Stone and Julian E. Gortatowsky, Atlanta, Ga., for Mrs. Frances Heimerich.

### ORDER

EDENFIELD, District Judge.

This is an action brought by the Attorney General of the United States pursuant to § 813 of Title VIII, Civil Rights Act of 1968 (42 U.S.C. § 3613), for violations of the provisions of the Fair Housing Subchapter of that Act (42 U.S.C. § 3601 et seq.). The complaint alleges that pursuant to a policy and practice, each of the defendants by making representations regarding the entry and prospective entry of Negroes into the neighborhood, has for profit induced and attempted to induce the owners of certain dwellings occupied by white persons to sell the dwellings. The Government alleges that these acts constitute a pattern or practice by the defendants of resistance to the full enjoyment of rights secured by Title VIII and a denial to groups of persons of the rights granted by that Act. The case is now before the court for consideration of a number of motions as set forth below.

### MOTION FOR SEVERANCE AND FOR JURY TRIAL

Defendants Ruth Stanley and Bob Lawrence Realty, Inc., have demanded jury trial on all issues of fact and have moved for severance on the ground that due to the complexity of the case

and the large amount of evidence which probably will be required it will be difficult or impossible for the jury to keep the evidence against each defendant separate from that against other defendants and that there is therefore great danger that the guilt of one will be imputed to the others. Both motions will be denied—the demand for jury trial because only equitable relief is sought[1] and there is therefore no right to jury trial in this case [see Wright, Law of Federal Courts, § 92] and the motion for severance because in view of the nature of the action, the relief sought, and the fact that the case will not be tried to a jury it does not appear that separate trials are necessary to avoid prejudice to these defendants. In connection with the motion for severance, the court notes specifically that while there is some doubt as to whether the complaint alleges that the actions of these defendants are part of a single pattern or practice, the action in its present form is authorized by that portion of § 3613 which permits the Attorney General to file such an action when "any group of persons has been denied any of the rights granted by this subchapter and such demand raises an issue of general public importance," regardless of whether those responsible were acting according to a pattern or practice.

## MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

Defendant Reeves and Reeves, Inc., Fred J. Reeves, President, has moved (1) for a more definite statement and (2) to dismiss the complaint on the ground that 42 U.S.C. § 3604(e) violates the First and Tenth Amendments in that (1) it makes mere representation unlawful without regard to truth or falsity, (2) it deprives defendants of their right to speak the truth as they know or believe it to be and to give their opinions; and (3) it is vague and overbroad. Defendant also alleges that Congress has no right to enact legislation abridging the right of free speech, but that the Tenth Amendment has reserved that right to the states.

The challenged section, 42 U.S.C. § 3604(e), provides that it shall be unlawful "for profit, to induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood. of a person or persons of a particular race, color, religion, or national origin." The constitutionality of this statute has been considered in two other opinions of which this court is aware, including one from this district [Brown v. State Realty Co., 304 F.Supp. 1236 (1969) (Smith, C. J.)], and in both cases the courts have concluded that the provisions of § 3604(e) are a rational and reasonable means of effectuating the legislature's policy, as set forth in 42 U.S.C. § 3601, "to provide within constitutional limitations for fair housing throughout the United States" and that the enactment of this statute was an exercise of the power of Congress to enforce the provisions of the Thirteenth Amendment. United States v. Mintzes, 304 F.Supp. 1305, 1313 (1969); Brown v. State Realty Co., *supra*.

■ It is evident that the statute does not make mere speech unlawful. What it does make unlawful is economic exploitation of racial bias and panic selling. We conclude that the statute is one regulating conduct, and that any inhibiting effect it may have upon speech is justified by the Government's interest in protecting its citizens from discriminatory housing practices and is not violative of the First Amendment.

---

1. Despite the Government's prayer for injunctive relief and an order "directing that the defendants take such affirmative steps as may be necessary and appropriate to correct the effects of the past unlawful practices," the Government concedes that only equitable relief is sought. Furthermore, that is the only type relief which is authorized by 42 U.S.C. § 3613.

We conclude further that the complaint, couched as it is in the very language of the statute, provides adequate notice of the claim made by plaintiff and is not subject to a motion for more definite statement. Any additional information to which defendant is entitled may be obtained by use of the discovery procedures provided by the Federal Rules.

## PLAINTIFF'S OBJECTIONS TO INTERROGATORIES

The Government has objected to Interrogatory No. 2 of Defendant Stokes' first interrogatories and Interrogatory No. 1 of Defendant Lawrence's interrogatories on the ground that they seek discovery of the name and other information about the first person who reported to the Government each allegedly unlawful act upon which the Government relies in this action. The Government having agreed to furnish the defendants with a list of persons interviewed by the United States, and with the details of the evidence it has gathered in support of its allegations, the court concludes that information as to the initial informant, if not included in the above, is not relevant to preparation of defendant's case and that, absent a showing of compelling need, requiring disclosure of such information would be contrary to the public interest in maintaining a free flow of information from citizens to public officials. No such need having been demonstrated, the objections are sustained.

In summary, the motions of Defendant Stanley and Defendant Bob Lawrence Realty, Inc. for severance and for jury trial are denied; Defendant Reeves' motions to dismiss and for more definite statement are denied; and plaintiff's objections to Defendant Stokes' Interrogatory No. 2 and Defendant Lawrence's Interrogatory No. 1 are sustained.

It is so ordered.