**UNITED STATES of America**

**v.**

**Raymond C. MITCHELL, d/b/a Ray Mitchell Realty Company.**

**Civ. A. No. 13467.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 4, 1970.

John N. Mitchell, Atty. Gen., Jerris Leonard, Asst. Atty. Gen., Frank E. Schwelb, and Michael J. Hoare, Attys., U. S. Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is an action brought by the Attorney General of the United States pursuant to Title VIII of the Civil Rights Act, 42 U.S.C. § 3601 et seq., in which the Government alleges that defendant, by making representations regarding the entry and prospective entry of Negroes

into the neighborhood, pursuant to a policy and practice, has for profit induced and attempted to induce the owners of certain dwellings occupied by white persons to sell these dwellings. The case is now before the court for consideration of the Government's objections to defendant's first interrogatories.

The Government objects to Interrogatories 9 through 12, 15, and 16 through 20, on the ground that they seek to ascertain the factual basis of a determination by the Attorney General that he has reasonable cause to believe that the defendant has engaged in a pattern or practice of resistance to rights secured by 42 U.S.C. § 3604(e). In general these interrogatories seek information as to whether the Attorney General has established any policy or standards with respect to the "reasonable cause requirement" and whether the Attorney General personally made the reasonable cause finding in the instant case; if standards or policies have been established the Government is requested to give the specifics concerning such standards or policies and voluntarily to produce them; if the Attorney General personally participated in the determination the Government is requested to state (1) the facts upon which the decision was based, (2) whether the finding was made in writing, and (3) the identity of the present custodian of such writing; if the Attorney General did not personally make the determination, the Government is asked to explain why he did not do so and to identify the person who did make the determination; in either case the Government is requested (1) to state whether the Attorney General held any conferences in which the instant case was discussed and, if so, (2) the identities of those who attended and whether any reports were made, and (3) if reports were made, the Government is requested voluntarily to produce such reports.

Section 813 of Title VIII, 42 U.S.C. § 3613 provides in pertinent part that "whenever the Attorney General has reasonable cause to believe that any person * * * [has violated the provisions of Title VIII] he may bring a civil action in any appropriate United States district court by filing with it a complaint setting forth the facts and requesting such preventive relief * * * as he deems necessary to insure the full enjoyment of the rights granted by this subchapter."

Although no case directly in point has been found there is much persuasive authority in support of the Government's contention that whether the Attorney General had reasonable cause is not a proper subject for inquiry in this action. For example, in United States v. Building & Construction Trades Council of St. Louis, Mo., AFL–CIO, 271 F.Supp. 447 (E.D.Mo.1966), the complaint alleged, *inter alia*, that the defendants had engaged in a pattern or practice of resistance to the exercise by Negroes of rights secured by the statute and that the pattern or practice was intended to and did deny the full exercise of those rights, and they sought injunctive relief against such discrimination. Defendants moved to dismiss on the ground, *inter alia*, that the court lacked subject matter jurisdiction because the complaint did not allege that the Attorney General had reasonable cause to believe that there was such a pattern or practice. The court rejected defendants' contention, holding that the Attorney General is not required to plead reasonable cause but that his signature in effect constitutes a certification of such reasonable cause. The court went on to say that "the statute does not contemplate that the courts shall make a preliminary determination of the Attorney General's finding of reasonable cause. Rather, the Court's function is to determine whether the defendants have, in fact, engaged in such a 'pattern or practice', and to do so as expeditiously as possible." *Id.* at 453.[1]

We believe this to be the correct view of the matter and it is the view we

1. *See also* United States v. Greenwood Municipal Separate School District, 406 F.2d 1086 (5th Cir. 1969), (holding that the Attorney General's certification that

now adopt as applicable to the requirements set forth in Title VIII. Plaintiff's objections to the foregoing interrogatories therefore will be sustained.

■ Plaintiff also objects to Interrogatories 3 and 7 on the ground that they seek disclosure of the "identities of those persons, corporations, or businesses who may have complained to the United States of the defendant's conduct or who requested the initiation of this suit." The record shows that No. 3 requests the identities of all persons who suggested or requested that this suit be brought, while No. 7 merely asks whether any person, corporation, or business submitted a complaint to the United States concerning the defendant's alleged conduct. Plaintiff's objection to No. 3 is sustained but the objection to No. 7 is overruled because it does not in fact seek disclosure of identity and therefore is not subject to the objection made by plaintiff.

Accordingly, plaintiff's objection to Interrogatory 7 is overruled and all other objections are sustained.

the statutory prerequisites to filing suit under 42 U.S.C. § 2000c–6 had been met is not subject to judicial review), and 110 Cong.Rec. 15895 (1964) (wherein the Chairman of the House Judiciary Committee noted that Title VII of the Civil Rights Act of 1964 contains the "usual" requirement that the Attorney General have reasonable cause before he sues and noting that the Attorney General, not the courts, decides whether reasonable cause exists and that the issue of reasonable cause does not present a "separate litigable issue").