**UNITED STATES of America**
v.
**NORTHSIDE REALTY ASSOCIATES,**
Inc., and Ed A. Isakson.
**Civ. A. No. 13932.**

United States District Court,
N. D. Georgia,
Atlanta Division.
March 4, 1971.

John N. Mitchell, Atty. Gen., Jerris Leonard, Asst. Atty. Gen., Washington, D. C., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Frank E. Schwelb, Thomas M. Keeling, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

This is an action brought by the Attorney General on behalf of the United States pursuant to Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.* Defendant Northside Realty Associates, Inc. is a corporation existing under the laws of Georgia for the purpose of engaging in the real estate business. Defendant Ed Isakson is the Executive Vice-President and Sales Manager of defendant corporation. Plaintiff alleges that defendants follow a policy and practice of racial · discrimination against Negroes, on account of their race, with respect to the purchase and sale of homes in the metropolitan Atlanta area.

### I. *Motion for More Definite Statement*

The defendants seek an Order pursuant to Rule 12(e) F.R.Civ.P. to require the Attorney General to provide a more definite statement with respect to Paragraph 2 of the prayer for relief contained in Plaintiff's Complaint. In Paragraph 2, the plaintiff seeks an Order "directing that the defendants take such affirmative steps as may be necessary and appropriate to correct the effects of the past unlawful practices described in the Complaint." The defendants contend that they cannot frame a responsive pleading unless they know the following facts:

(1) The precise nature of the "affirmative steps" which might be required of them;

(2) When and for what reasons those steps might be necessary and proper;

(3) How and why such steps will correct the effects of the alleged discrimination;

(4) What such "effects" are; and

(5) The legal authority on which Paragraph 2 of the prayer for relief contained in the Complaint is based.

▆ Rule 8(a) F.R.Civ.P. provides that federal pleadings shall contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." The defendants here have not contested the sufficiency of plaintiff's statement of the claim for relief. Rule 12(e) motions directed toward such claims have uniformly been rejected in similar cases brought by the United States or the Attorney General under Section 813 of Title VIII, 42 U.S.C. § 3613. See, United States v. Bob Lawrence Realty, Inc., et al. (C.A. 70–379, S.D., Fla. Order filed May 5, 1970); United States v. Joseph and Rose Miller, et al. (C.A.No. 70–40 D.Md. Order filed April 29, 1970); United States v. Georgia Power Company, 301 F.Supp. 538, 543–544 (N.D., Ga.1969); United States v. Building and Construction Trades Council, 271 F.Supp. 447 (E.D., Mo. 1966). Any additional information needed by the defendant in such cases may be sought through the discovery provisions of the Federal Rules of Civil Procedure. United States v. Gustin-Bacon Division, 426 F.2d 539 (10th Cir. 1970).

Rule 54(c) F.R.Civ.P. provides:

"(c) *Demand for Judgment* * * * Except as a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

From the statement of this Rule, it seems clear that the relief which is ultimately given will depend upon the facts presented in the case. In the recent case of Equity Capital Company v. Sponder, 414 F.2d 317, 319 ftn. 1 (5th Cir. 1969), the Fifth Circuit stated:

"Except for a default judgment, the prayer of the complaint is irrelevant under F.R.Civ.P. 54(c) as to relief. This depends on the facts on the hearing or trial, not the prayer."

Since the prayer for relief is not determinative of the relief granted, a more definite statement of the request for relief does not seem necessary in order for the defendants to frame a responsive pleading.

Motions for more definite statements are not favored since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim. See Nagler, et al. v. Admiral Corporation, et al., 248 F.2d 319 (2 Cir. 1957); Fairmont Foods Company v. Manganello, 301 F.Supp. 832 (S.D., N.Y., 1969). Since no question has been raised as to the statement of the claim, only the prayer for relief is in issue in the instant case. The relief granted is dependent on the facts on the hearing or trial and not upon the prayer. Therefore, a more definite statement of the prayer for relief is not essential to the defendants' defense of this case.

Defendants' motion for a more definite statement is hereby DENIED.

II. *Motion To Dismiss And Motion To Strike Jury Demand*

Defendants filed a counterclaim in the suit brought against them under Section 813 of Title VIII, 42 U.S.C. § 3613. Defendants assert no basis existed for the determination that they were engaged in a pattern or practice of discrimination prohibited by that Act. Defendants also claim that this suit has been brought without reasonable cause and in violation of the Act with such disregard of the facts as to constitute bad faith, vexatiously, wantonly and for oppressive reasons. Due to the action of the plaintiff, defendants claim to have been injured and for such injury, defendants seek compensation and money damages in an adequate amount but not less than $100,000 for each defendant. This relief is sought against the Attorney General and his staff of attorneys in their individual as well as their official capacities. Defendants specify that their request for relief under this counterclaim is not to be considered as exclusive of any other relief which they may properly seek.

Defendants demand a jury trial on three (3) grounds: (1) Plaintiff in his prayer for relief asks for money from the defendants in the form of "costs and disbursements"; (2) Plaintiff seeks an Order requiring undefined "affirmative steps" of the defendants which could af-

fect the legal and constitutional rights of the defendants; (3) Defendants' counterclaim involves a request for damages and compensation. Plaintiff has responded by filing a motion to strike defendants' demand for jury trial. The plaintiff has also filed a motion to dismiss defendants' counterclaim.

The first question addressed by the parties with regard to this motion to dismiss defendants' counterclaim is whether the counterclaim is compulsory or permissive. The plaintiff asserts that the counterclaim is permissive as defined in 13(b) of the Federal Rules of Civil Procedure. The basis given for plaintiff's argument is that defendants' counterclaim for the allegedly unlawful bringing of this suit does not assert a claim "arising out of the transaction or occurrence that is the subject matter of the suit" (Rule 13(a) F.R.Civ.P.) i. e., suit based on practice of resistance to full employment of Title VIII rights. Due to this distinction, plaintiff contends that defendants' counterclaim is not compulsory, and in order to survive the motion for dismissal, must qualify as a permissive counterclaim under 13(b) F.R.Civ.P.

Plaintiff argues that it does not qualify as a permissive counterclaim, because if considered a claim against the United States or the Attorney General in his official capacity, it fails to establish an independent basis for jurisdiction as required by 13(b) F.R.Civ.P. Although this suit was initiated by the Attorney General, the real party in interest is the United States. Such suits may be brought in the name of the sovereign to protect the interest of the sovereign in seeing that its laws are enforced. St. Louis Union Trust Co. v. United States, 82 F.2d 61, 64 (8th Cir., 1936). Therefore, in spite of the fact that defendants' counterclaim is against the Attorney General in his official capacity rather than against the United States, the United States is in reality the object of the counterclaim and the only party against whom a permissive counterclaim may be brought. A permissive counter-

claim, as any suit, cannot be brought against the United States without specific statutory authority, 3 Moore's Federal Practice 2d ed. § 13.28. The United States has not consented to suits such as this. United States v. Faneca, 332 F.2d 872, 875 (5th Cir., 1964). If the counterclaim is brought against the Attorney General and his attorneys in their individual capacities, plaintiff contends that the counterclaim is not directed against the "opposing party" i. e, the United States and, therefore, does not qualify as a permissive counterclaim. In addition to the above reasons, plaintiff moves to have the counterclaim dismissed with prejudice, because it fails to state a claim on which relief can be granted. This reasoning is based on the theory expressed in the Fifth Circuit case of Norton v. McShane, 332 F.2d 854, 855 (5th Cir. 1964), that federal officials are immune from suit for alleged malicious acts done by them while in performance of their official duties. For these reasons, the plaintiff moves for dismissal of defendants' counterclaim.

Defendants contend that the counterclaim is compulsory. In determining this, they rely on the "logical relationship" test set out in Lesnik v. Public Industrials Corp., 144 F.2d 968 (2d Cir. 1944) and Rosenthal v. Fowler, 12 F.R.D. 388, 391. They also cite the case of Non-Ferrous Metals, Inc. v. Saramar Aluminum, 25 F.R.D. 102, 105 (N.D. Ohio, 1960) in which the test recognized was based on whether the same evidence will support or refute the opposing claim. Defendants assert that their counterclaim meets both the "logical relationship" and "same evidence" tests, and, in order to avoid a multiplicity of suits, it should be allowed as a compulsory counterclaim. The compulsory counterclaim rule has been given "broad realistic interpretation in the interest of avoiding multiplicity of suits." 3 Moore's Federal Practice 2d ed. § 13.-13. See also, United Artists Corporation v. Masterpiece Products, Inc., 221 F.2d 213, 216 (2d Cir. 1955).

In response to plaintiff's contention that the Attorney General is not the "opposing party" for purposes of a counterclaim action under Rule 13(b) of the Federal Rules of Civil Procedure, defendants argue that the Attorney General is *pro se* the plaintiff under Section 813 of Title VIII. Defendants claim their action is against the Attorney General as the plaintiff in both his individual and official capacities and not against the United States. It is in this way that defendants seek to bypass the sovereign immunity argument. They contend that there is no basis in statute or case law for the conclusion that the Attorney General should be shielded by the doctrine of sovereign immunity.

■ Rule 13(d), F.R.Civ.P. qualifies 13(a) and 13(b) to the extent that they "shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof." Under this limitation, the distinction between permissive and compulsory counterclaims may be immaterial as to the counterclaim against the Attorney General in his official capacity. The Attorney General is given the authority to institute suits by 42 U.S.C. § 3613. Such authority is given to him in his official capacity as the chief law enforcement officer of the United States. 28 U.S.C. § 515–519. Such suits are brought in the interest of the United States to protect its interest in seeing that its laws are enforced. This points to the conclusion that the United States is the real party in interest. With the exception of a compulsory counterclaim which asserts a matter of recoupment and a set-off, neither a permissive nor a compulsory counterclaim may be maintained against the United States unless it has given specific statutory consent. 3 Moore's Federal Practice 2d ed. § 13.28; United States v. Shaw, 309 U.S. 495, 84 L.Ed. 888, 60 S.Ct. 659. No such consent has been given to suits such as this. United States v. Faneca, 332 F.2d 872, 875 (5th Cir. 1964).

■ The defendants also claim to have an action against the Attorney General in his individual capacity. Plaintiff correctly argues that federal officials are immune from suit for alleged malicious acts done by them in performance of their official duties. Norton v. McShane, 332 F.2d 855, 859 (5th Cir. 1964).

■ Plaintiff filed a motion to strike ..defendants' demand for a jury trial. The basis for plaintiffs' motion is that the original suit which seeks an injunction against the defendants' alleged practices is an equitable action. No constitutional right exists to a jury trial in equity actions for injunctive relief. United States v. Louisiana, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950). Plaintiff cites Adams v. Fazzio Real Estate Co., 268 F.Supp. 630 (E.D.La.1967) aff'd 396 F.2d 146 (5th Cir., 1968) for the proposition that there is no right to a jury trial in an action seeking injunctive relief under Title VII of the Civil Rights Act of 1964. This Court held a jury trial is not available under Title VIII of the Civil Rights Act of 1968 if only equitable relief is sought. United States v. Bob Lawrence Realty, Inc., 313 F.Supp. 870 (N.D.Ga.1970). Since the defendants' counterclaim is being dismissed by the Court, there will be no money damages involved, and the original suit for an injunction is clearly an equitable action.

Defendants contend not only that their legal counterclaim gives them a right to a jury trial, but also that plaintiff's request for money in the form of costs and disbursements changes the character of the original action. In support of this contention, defendants cite Ross v. Bernard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). That case stands for the proposition that the Seventh Amendment right to trial by jury extends to a stockholder's derivative suit with respect to those issues as to which the corporation, had it been suing in its own right, would have been entitled to a jury trial. In that case, the corporation's claim was at least in part a legal

one because money damages were sought.

The plaintiff argues that in the instant case the main thrust of the action is equitable as it seeks primarily injunctive relief. The request for costs and disbursements which is often present in equity cases does not change the character of the original action.

It is ordered that defendants' counterclaim be dismissed, and that defendants' request for a jury trial be denied.

### III. *Protection from Depositions Of Cabinet Officers*

Defendants filed notices for the taking of the depositions of the Attorney General and the Secretary of the Department of Housing and Urban Development. Plaintiff, the United States of America, pursuant to Rule 26(c), F.R. Civ.P., moves this Court for an Order that these depositions not be taken.

Rule 26(c) F.R.Civ.P. provides for protective orders to be granted upon motion of the party from whom discovery is sought. Such orders may be granted upon showing of good cause when justice requires it to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. One such protective order denies discovery to the party seeking it. Plaintiff in the instant case argues that it is an annoyance, oppression, and undue burden on the government to require the personal appearance of the head of an executive department unless the deposing party can make a clear showing that the depositions are essential to prevent prejudice or injustice to him. Plaintiff alleges that such information has been or could have been sought by some other method, and that it is unnecessary. He seeks relief pursuant to Rule 26(c). The defendants have stated that such information is needed, but they have not made a clear showing of need.

It has been recognized that a member of the Cabinet or the head of a large executive department should not be called upon to give his deposition if such deposition is taken in order to probe the mind of the official to determine why he exercised his discretion as he did in regard to a particular matter. De Cambra v. Rogers, 189 U.S. 119, 122, 23 S.Ct. 519, 47 L.Ed. 734 (1903) and United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). The case of Wirtz v. Local 30, International Union of Operating Engineers, 34 F.R. D. 13 (S.D., N.Y.1963) extends this doctrine to allow the taking of personal testimony of a cabinet official only on a clear showing that the testimony of the official is necessary to prevent injustice to the party. Defendants have made no clear showing of necessity of the testimony to prevent injustice to them. In the cases in which depositions have been permitted, protective orders have been entered so as to prohibit the deposing party from probing into the mental process by which the official's decision has been reached. Union Savings Bank of Pathogue, New York v. Saxon, 209 F.Supp. 319 (D.C., D.C.1962).

Section 813 of Title VIII of the Civil Rights Act, 42 U.S.C. § 3613 gives the Attorney General the discretion to determine when he has reasonable cause to believe a person is engaged in the practice of resistance of the rights granted by Title VIII. The Attorney General is also given the authority to bring the appropriate action against such person. The cases cited above stand for the proposition that a party may not by deposition probe into the mental process by which the Attorney General exercised his discretion.

Defendants contend that they are not challenging the method the Attorney General employed in making the "reasonable cause" determination. Instead they argue that they seek and should be allowed to discover the *facts* upon which this determination and resulting lawsuit was based. Defendants cite Jencks v. United States, 353 U.S. 657, 671, 77 S. Ct. 1007, 1014–1015, 1 L.Ed.2d 1103 (1957) and United States v. Andolschek, 142 F.2d 503, 506 (2d Cir., 1944) for the proposition that they should have access to the facts which were used by the At-

torney General in his determination. Both of these cases, however, are criminal cases which deal with the production of governmental reports and documents which were in the possession of the government. They do not involve the testimony of a cabinet member nor that of the head of an executive department.

Rule 26(b) (1), F.R.Civ.P. limits the scope of discovery to "any matter * * * which is relevant to the subject matter involved in the pending action * * *." The plaintiff contends that the depositions of the Secretary and the Attorney General should not be taken because the matters inquired into are not relevant to the subject matter of the instant case. The plaintiff asserts that the deposing of the Attorney General is for the purpose of probing his determination of "reasonable cause." It has been held that the determination of the existence of "reasonable cause" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, is not a proper subject for discovery. United States v. International Brotherhood of Electrical Workers, No. 683, 270 F.Supp. 233, 234–235 (S.D., Ohio 1967); United States v. Building and Construction Trades Council of St. Louis, Missouri, AFL–CIO, 271 F.Supp. 454, 458 (E.D., Mo., 1966) and 271 F.Supp. 447, 452–453 (E.D., Mo., 1966). In the recent case of United States v. Mitchell, 313 F.Supp. 299 (N.D., Ga., 1970) in this Court, this same rule was applied to the language of Title VIII, 42 U.S.C. § 3613.

If the matters inquired about are not discoverable, the method or means used to attempt discovery are unimportant. Weissman v. United States, 387 F.2d 271 (10th Cir., 1967). For that reason, no distinction should be made between attempts at discovery by means of interrogatories as in the *Mitchell* case, *supra*, and those made by means of depositions.

The defendants assert that the plaintiff has mischaracterized the information which defendants seek. Defendants maintain that they do not seek to determine whether the Attorney General had

"reasonable cause" to initiate the instant action, but rather that they seek to discover the factual basis for the allegations. Defendants cite United States v. Building and Construction Trades Council of St. Louis, Missouri, AFL–CIO, 271 F.Supp. 447, 454 (E.D., Mo., 1966) for the proposition that they may discover certain factual matters. In that case certain interrogatories were allowed to be asked by the Attorney General: (1) If any individual allegedly discriminated against had filed a Complaint; (2) the number of complaints, the date, union involved, and substance of the complaint. The Court found that those questions were relevant and that they did not seek to determine the matter of "reasonable cause." In that same case, similar questions as to the number of complaints were allowed to be asked of the Chairman of the Equal Employment Opportunity Commission.

In the instant case, the plaintiff does not know what questions the defendants will ask of the Attorney General on deposition. For that reason, plaintiff cannot say with certainty that the information sought is irrelevant nor that it will seek to determine if the Attorney General had "reasonable cause" to bring the action. The defendants may be allowed to ask the Attorney General some questions as permitted by the reasoning in the case of United States v. Building and Construction Trades Council of St. Louis, AFL–CIO, 271 F.Supp. 447, 454 (E.D., Mo., 1966). Therefore, until the questions are put forth, it is not known whether they will be allowable or not.

The situation is somewhat different in regard to the deposition of the Secretary of Housing and Urban Development because the defendants have made known the questions they intend to ask him. There may be a valid complaint by the plaintiff as to several of these questions. The fifth question asks the names of every person who has filed a complaint against the defendants. Courts have refused to require the disclosure of names of informants on the basis of a qualified privilege in two recent cases.

United States v. Greenwood Municipal Separate School District, 406 F.2d 1086, 1090 (5th Cir., 1969) (identity of complainants under Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6); United States v. Georgia Power Company, 301 F.Supp. 538 (N.D., Ga., 1969) [was applied to Title VIII of Civil Rights Act of 1964, 42 U.S.C. § 2000e–6(a)]. The seventh question inquires whether the Secretary's assistance has been requested by the Attorney General in making a "reasonable cause" determination in this case. This question might not be allowed on the basis that it deals with the determination of "reasonable cause." Although some of the questions propounded by defendants might not be allowed, this alone would not preclude a deposition which did not include those questions.

■ Defendants state that the information sought by the depositions is needed. They argue that the factual basis for the allegations must be made known before defendants can defend themselves. This is the only proof of need which is made. Absent a clear showing of need to prevent injustice to the party seeking the deposition, such deposition may not be taken from a cabinet official or head of an executive department. Wirtz v. Local 30, International Union of Operating Engineers, 34 F.R.D. 13 (S.D., N.Y.1963).

The Court feels that discovery by interrogatory and requests for admissions (which have been pursued already) are presently adequate means of discovery for the defendants. Thus, plaintiff's motion for a Protective Order as to the taking of the deposition of the Attorney General and the Secretary of Housing and Urban Development is GRANTED.

## IV. *Motion to Compel Discovery*

After filing their answer, defendants served on the plaintiff a set of interrogatories and a set of requests for admissions. Plaintiff answered some of the interrogatories and responded to some of the requests, but objected to others.

Defendants, pursuant to Rule 37 F.R.Civ.P. filed a motion for an order compelling plaintiff to answer the interrogatories and request for admissions propounded by defendants. Defendants justify all of their interrogatories collectively by contending that they seek to ascertain "the facts" upon which plaintiff has based the allegations contained in his complaint.

Plaintiff objects to interrogatories 1, 2, 3, and 14 on the grounds that they seek privileged information. These interrogatories are designed to discover the identity of persons who have given the government information during its investigation of defendants. In enforcing laws that make certain conduct unlawful such as the anti-trust laws, the Fair Labor Standards Act, and the civil rights laws, the courts have recognized that the government must retain the confidence of its sources of information. In these cases, the courts have refused to require the disclosure of the names of the informants on the basis of a qualified privilege. United States v. Greenwood Municipal Separate School District, 406 F.2d 1086, 1090 (5th Cir. 1969); United States v. Georgia Power Company, 301 F.Supp. 538 (Northern District of Georgia, 1969). Defendants contend that if the informant is "sought out" by the plaintiff, he no longer qualifies for the privilege. That contention conflicts with the *Georgia Power Co.* decision, *supra*, which recognized the privilege in spite of the fact that informants were sought out by investigation.

Defendants also assert that this privilege is designed only to prevent coercion inherent in the employer-employee and school board-student situations and should not apply in civil rights cases. If the only basis for the privilege is the prevention of reprisals against the informants, then a question does arise as to the validity of the privilege in the civil rights cases. The informer privilege has been applied, however, in anti-trust cases in which the informer might have been a competitor or business associate against whom defendants would

have no reprisal. United States v. Lorain Journal Company, 10 F.R.D. 487 (N.D.Ohio 1950). This privilege has also been applied in the case of United States v. Kohler Company, 9 F.R.D. 289, 290 (E.D., Pa.1949) for the purpose of preventing embarrassment to an informer in his "social relations." Such reasoning could be applied in the area of civil rights as well.

The plaintiff also asserts that interrogatories 1, 2, 3, and 14 are objectionable because they seek information that is irrelevant to the subject matter of the action. In the case of Wirtz v. Continental Finance & Loan Co. of West End, 326 F.2d 561, 563 (5th Cir. 1964), the Fifth Circuit stated that the names of informers were irrelevant to the issues to be tried in a case in which the question was whether requirements as to payment of hourly wages under the Fair Labor Standards Act had been violated. Likewise in the instant case, the question is whether the defendants have done the acts alleged in plaintiff's complaint. It should not make any difference who reported the alleged violations to the Government.

█ This Court sustains plaintiff's objections to interrogatories 1, 2, and 3 on the grounds that the information sought by them is both privileged and irrelevant. The plaintiff, however, is hereby ordered to answer interrogatory 14. Since this interrogatory does not seek to illicit the identity of the informants, it does not deal with privileged information, and it should be answered.

█ The plaintiff objects to interrogatory 13 on the grounds that it seeks privileged information. This interrogatory is directed toward learning if any employee or agent of Northside has been interviewed with respect to this complaint. It does not question the identity of the informants, and therefore, does not deal with privileged information. The plaintiff is hereby required to answer this interrogatory.

█ Plaintiff objects to interrogatories Nos. 6(a), 7(c), 8, and 9 and requests for admissions 1, 2, 3(a) and 3(c) on the grounds that they are irrelevant to the subject matter of the pending action. Plaintiff contends it is irrelevant whether it obtained its information directly from an identified source or from some other source as the identity of informers is irrelevant. Wirtz v. Continental Finance & Loan Co., *supra.* Likewise, plaintiff asserts that those requests and interrogatories which seek to determine whether the complaints have been filed with the Department of Justice or with HUD are irrelevant. Section 813, 42 U.S.C. § 3613 provides that the Attorney General may bring an action whenever he has reasonable cause to believe a person is engaged in a pattern or practice of resistance to the full enjoyment of rights granted by Title VIII. The courts have uniformly held that the Attorney General's determination of "reasonable cause" is not a proper subject of discovery. United States v. International Brotherhood of Electrical Workers, No. 683, 270 F.Supp. 233, 234–235 (S.D., Ohio, 1967); United States v. Mitchell, 313 F.Supp. 299 (N. D., Ga.1970). It appears that the information sought by Interrogatory No. 7(c) which seeks to determine if the potential Negro purchasers were bona fide home seekers and Request No. 3(a) and (c) also intend to question the Attorney General's "reasonable cause" determination and are therefore objectionable. The objection to interrogatory No. 9 is sustained for this same reason. The plaintiff, however, is required to answer interrogatory No. 8 as it seeks only to learn if a complaint has been filed against the defendants.

Rule 26(b) (3), F.R.Civ.P. allows a party to obtain discovery of certain materials prepared in anticipation of trial by another party. This is allowed only upon a showing that the party seeking discovery has substantial need, and that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. Plaintiff objects to interrogatories Nos. 6(c) and 11 on the grounds that adequate show-

ing of need was not made by the defendants. Plaintiff also contends that 6(c) would breach the informer's privilege. Defendants stated that such information was needed, but they did not make any other clear showing of need. Therefore, plaintiff's objections to these interrogatories are sustained although the defendants are not precluded from making a showing of substantial need pursuant to Rule 26(b) (3) F.R.Civ.P.

■ Plaintiff objects to Interrogatory No. 4 which seeks the identity of witnesses who will testify at the trial. The plaintiff does not contend that the informer's privilege should extend to witnesses but instead asserts that this is not the proper stage of litigation in which to allow discovery of this matter. The Fifth Circuit case of Wirtz v. Continental Finance & Loan Co. of West End, 326 F.2d 561 (5th Cir. 1964) held that the Secretary of Labor could not be compelled to disclose the names of witnesses as a part of the discovery process long before trial. The Court is required by 42 U.S.C. § 3614 to expedite a hearing on this case. This, the Court intends to do. In the instant case, substantial time has elapsed since the filing of the complaint, and it is no longer too early for the plaintiff to answer. For this reason, plaintiff is ordered to produce a list of witnesses who will testify at the trial.

Plaintiff answered interrogatories Nos. 5 and 7(a) in part and objected to them in part. Plaintiff supplied names of persons who have knowledge of information relevant to the subject matter of the action. As to the names of those persons who did nothing more than allegedly report violations, plaintiff asserts that this is a privileged matter. United States v. Georgia Power Co., 301 F.Supp. 539, 543–544 (Northern District of Georgia, 1969). The plaintiff's objection as to those names is sustained as the relevant names have been supplied.

Defendants have also filed a motion to require the plaintiff to produce documents under Rule 26(b) (3), F.R.Civ.P.

Rule 26(b) (3) requires a showing of need by the party seeking discovery as well as a showing by the party that he is unable without undue hardship to obtain the substantial equivalent of such materials. Defendants have made no substantial showing either as to need or as to undue hardship. They have simply stated that they need these materials in order to know the factual basis for the allegation against them. Defendants seek a copy of an interview between plaintiff and Mrs. Hough. It is at least on a questionable basis that defendants allege they cannot produce substantially the same information without undue hardship since Mrs. Hough is an agent of the defendant.

■ Pursuant to Rule 37(a) (4), F.R.Civ.P., as authorized by Rule 26(b) (3), F.R.Civ.P., defendants seek an order granting "the reasonable expenses incurred in obtaining the order, including attorney's fees." The awarding of expenses under that Rule is dependent upon the granting of the motion. Rule 37 states that if the motion is granted, the court shall, after a hearing, require the party whose conduct necessitated such motion to pay to the moving party the reasonable expenses including attorney's fees unless the court finds the motion was substantially justified or that other circumstances make the award unjust. If the motion is denied, the court shall, after a hearing, require the moving party to pay to the party who opposed the motion the reasonable expenses. Taken alone, this Rule would award the expenses of obtaining the motions to the defendant if the motions are granted. Rule 37(f) F.R.Civ.P., however, deals with expenses against the United States. That Rule states, "Except to the extent permitted by statute, expenses and fees may not be awarded against the United States under this Rule." Rule 37(f) applies in the instant case to prevent the defendants from being awarded expenses against the United States even though their motion has been granted in part.

■ The plaintiff objects to the interrogatories and requests for admission

on the grounds of privilege and irrelevancy. Plaintiff is supported by case authority in his assertions that defendants' request for names of informers is privileged. The fact that such information is irrelevant as well is also supported by the cases. Therefore, the plaintiff will not be required to supply names of his informants.

Rule 26(b) (3) F.R.Civ.P. allows a party to obtain discovery of certain materials only on showing of substantial need and undue hardship in obtaining an equivalent. Defendants have not made a showing of such need, and until they do so, the plaintiff's objections will be sustained.

Rule 37(a) (4) F.R.Civ.P. allows reasonable expenses incurred in obtaining a motion for discovery. Rule 37(f), however, disallows the awarding of such expenses against the United States. For this reason, the defendants are not awarded the expenses of the motion even though the motion is granted in part.

## V. Request For Oral Argument

Defendants, pursuant to Rule 8(d), Local Rules of the United States District Court for the Northern District of Georgia, request that a hearing be held on the Attorney General's motion that depositions not be taken. Rule 8(d) provides that all motions shall be decided by the Court without a hearing unless otherwise ordered by the Court on its own motion, or in its discretion upon request of counsel.

The defendants state that a hearing is desired because this is "of importance to the public." The issues have been thoroughly briefed by both sides. While the public may be interested, it is within the Court's discretionary power to grant or to refuse defendants' request for a hearing.

The Court did not feel that a hearing was necessary and, therefore, that motion was denied; however, a pretrial conference will be scheduled for 9:30 A. M., April 29, 1971.