UNITED STATES of America, Plaintiff,

v.

Harold A. LUEBKE and Bessie M. Luebke, Defendants.

Civ. A. No. C–3486.

United States District Court, D. Colorado.

June 19, 1972.

discretionary basis. Depos. of Comm'r Wyman by Phillips, Ass't Comm'r, at 3–4.

James L. Treece, U. S. Atty., Denver, Colo., and Frank E. Schwelb and John Ossea, Civil Rights Division, U. S. Department of Justice, Washington, D. C., for plaintiff.

Loye & Bangert, P. C., by Benjamin R. Loye, Wheat Ridge, Colo., for defendants.

## MEMORANDUM OPINION

ARRAJ, Chief Judge.

This is an action brought by the Attorney General on behalf of the United States pursuant to § 813 of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. Defendants are residents of Colorado engaged in the real estate business. Plaintiff alleges that the defendants follow a policy and practice of racial discrimination against Negroes, with respect to the rental of apartments in Denver, Colorado. The defendants move to dismiss because the conciliation procedures of § 810, 42 U.S.C. § 3610, have not been pursued and because the

action is brought on behalf of the United States, rather than on behalf of the Department of Housing and Urban Development. The defendants have also requested a jury trial; the plaintiff objects and moves to strike the defendants' jury demand as immaterial. Fed.R.Civ. P. 12(f).

 Section 813 provides that the Attorney General may bring a civil action in any appropriate United States district court to insure the full enjoyment of the rights granted by the Fair Housing Subchapter of the Civil Rights Act of 1968, 42 U.S.C. § 3601 et seq. Such suits are brought in his official capacity as chief law enforcement officer of the United States, to protect the interest of the United States in seeing that its laws are enforced. United States v. Northside Realty Associates, 324 F.Supp. 287, 292 (N.D.Ga.1971).

The defendants point to § 808(a), which provides "[t]he authority and responsibility for administering this Act shall be in the Secretary of Housing and Urban Development." Since § 811(g) directs that the "Attorney General shall conduct all litigation in which the Secretary participates as a party or as amicus pursuant to this Act," it might be possible to read § 813 as authorizing the Attorney General to bring suit *on behalf of the Secretary of Housing and Urban Development.* This is a strained interpretation of the statute, however, and to adopt it would achieve no useful purpose. To the contrary, it would involve the courts in a pointless scrutiny of the form of pleadings which is neither required by the statute nor necessary for the effective resolution of the substantive problems.

The conciliation provisions of § 810 and the private actions allowed by § 810(d) in no way limit the public enforcement provisions of § 813. United States v. H. Melville Davis, Jr., C.A. No. 6451–71–P (S.D.Ala., May 18, 1971). Since a person aggrieved may choose to sue under § 812 instead of § 810(d), thus avoiding the limitations of § 810,

Brown v. Lo Duca, 307 F.Supp. 102 (E. D.Wis.1969), Note Discriminations in Employment and in Housing: Private Enforcement Provisions of the Civil Rights Act of 1964 and 1968, 82 Harv. L.Rev. 834, 855–858 (1969), it would be anomolous for § 810 to limit a public action under § 813. Indeed, the Attorney General, suing under § 813 on behalf of the public, need not reveal the identity of persons making complaints to him. United States v. Northside Realty Associates, *supra,* 324 F.Supp. at 295; United States v. Bob Lawrence Realty, Inc., 313 F.Supp. 870, 873 (N.D.Ga.1970); United States v. Mitchell, 313 F.Supp. 299, 301 (N.D.Ga.1970). The defendants' motion to dismiss is without merit.

There is no right to a trial by jury in a case brought under § 813, 42 U.S.C. § 3613. United States v. Northside Realty Associates, *supra,* 324 F. Supp. at 292; United States v. Bob Lawrence Realty, Inc., *supra,* 313 F. Supp. at 872; *see also,* Rogers v. Loether, 312 F.Supp. 1008 (E.D.Wis.1970). Only equitable relief is sought; the jury demand is improper.