**UNITED STATES of America, Plaintiff,**

v.

**James G. EDENS, d/b/a Edens Real Estate, Defendant.**

**Civ. A. No. 73-1638.**

United States District Court, D. South Carolina, Columbia Division.

March 26, 1974.

**1318**

John K. Grisso, U. S. Atty., for the District of South Carolina, Columbia, S. C., for plaintiff.

Edward M. Woodward, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

By motion filed February 11, 1974, plaintiff seeks dismissal of defendant's counterclaim. Plaintiff, the United States of America, instituted this action under 42 U.S.C. § 3613 [1] alleging that the defendant, a real estate broker, has engaged in unlawful discriminatory practices and seeking equitable relief. Defendant, stating that this action is "vexatious, harassing and unmeritorious," has counterclaimed to recover his attorney's fees. Upon examination of applicable authorities this court finds that plaintiff should prevail on its motion.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a counterclaim contain "a short and plain statement of the grounds upon which the court's jurisdiction depends". Defendant's only statement is that his counterclaim is based "on equitable principles".

Initially the counterclaim must fail for lack of jurisdiction. Jurisdiction to grant relief against the United States "depends wholly upon the extent to which the sovereign has waived its immunity to suit" and the waiver must be express. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058 (1941); United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). In the latter case the court held also that "such a waiver cannot be implied but must be unequivocally expressed". Id., at 4, 89 S.Ct. at 1503.

---

1. 42 U.S.C. § 3613 provides: Enforcement by the Attorney General; issues of general public importance; civil action; Federal jurisdiction; complaint; preventive relief.

Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, he may bring a civil action in any appropriate United States district court by filing with it a complaint setting forth the facts and requesting such preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for such pattern or practice or denial of rights, as he deems necessary to insure the full enjoyment of the rights granted by this subchapter.

■ The Federal Tort Claims Act 28 U.S.C. § 1346(b) and Chapter 171, does confer jurisdiction over certain money claims against the United States. However even if defendant's characterization of this action as "vexatious, harassing and unmeritorious" were construed as alleging abuse of process, a claim would still not lie since claims for abuse of process are expressly excepted from the Tort Claims Act. 28 U.S.C. § 2680(h). That section provides

> (The provisions of this chapter . . . shall not apply to) any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

■ Moreover, even if a claim for damages for abuse of process were cognizable by the Court, this *counterclaim* would not be:

> "With the exception of a compulsory counterclaim which asserts a matter of recoupment and a set off, neither a permissive nor a compulsory counterclaim may be maintained against the United States unless it has given specific statutory consent." 3 Moore, Federal Practice Para. 13–28 (2d ed.

1972); United States v. Shaw, 309 U. S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1939).

No consent has been given to counterclaims such as this. The counterclaim in a suit brought by the United States under 42 U.S.C. § 3613 was dismissed in United States v. Northside Realty Associates, 324 F.Supp. 287, 292 (N.D.Ga. 1971).

■ There are no "equitable principles" which authorize the recovery of attorney's fees sought by defendant.[2] To the contrary, the general rule is that, in the absence of express statutory authority, courts will not give judgment against the United States for costs or expenses. United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131 (1926). 28 U.S.C. § 2412 does authorize recovery of some costs against the government but specifically exempts "the fees and expenses of attorneys". There is no statute which authorizes recovery of attorney's fees from the United States in suits, such as this one, brought under 42 U.S.C. § 3613.[3]

The counterclaim must be dismissed for lack of jurisdiction in this court. The motion is granted.

And it is so ordered.

2. See United States v. Bob Lawrence Realty, Inc., 474 F.2d 115, 127 (5th Cir. 1973), another fair housing case where the court held: "Appellant's contention that equitable principles require that the government pay its attorney's fees is utterly frivolous. The government's suit was neither harassing nor unmeritorious. Equity does not require that the District Court grant attorney's fees to a party found to have violated a federal statute by blockbusting in a racially transitional area."

3. Even if jurisdiction existed, the counterclaim would be premature. Defendant's Answer makes it clear that material issues of law and fact remain in dispute between the parties. If attorney's fees should be awarded at all, it should be after the central issue in this case—whether the defendant has engaged in discriminatory housing practices—has been resolved. See United States v. Bob Lawrence Realty, Inc., 474 F.2d 115, 127 (5th Cir. 1973) and United States v. City of Black Jack, Mo., Prentice—Hall Equal Opportunity in Housing Reporter, para. 13,561 (E.D.Mo.1972) for *decisions denying* attorney's fees to defendants in cases brought under 42 U.S.C. § 3613.